Swing, J.
We are of the opinion that defendant, Hughes, is in equity entitled to be subrogated to the rights of prior mortgages to the extent that he furnished money and paid them off. We find as a matter of fact that plaintiff, Amick, had full knowledge that the money was borrowed of Hughes for the purpose of paying off these mortgages, and that it was so applied. The law of subrogation, as applicable to this case, we think is correctly stated in 24 Am. Ency. of Law, page 190. “It will be enforced whenever a denial thereof would be contrary to equity and good conscience. * * * Subrogation cannot be enforced against a bona fide purchaser for value without notice. ’ ’
Sheldon on Subrogation, at section 8, says: “Where money has been loaned upon a defective mortgage for the purpose of discharging a prior valid incumbrance, and has actuallybeen so applied, the mortgagee may be subrogated to the rights of the prior incumbrancer whom he has thus satisfied, there being no intervening incumbrances. But it is necessary both that the money should have been advanced for the purpose of discharging the prior incumbrance, and that it should have been so applied.”
We think the mortgage of Hughes was defective as a! mortgage, and it is admitted that the mortgages of Amick intervene; but we find that Amick’s claim was not taken for value without notice, but on the contrary, that he had full notice of the transaction by which Hughes paid off the prior mortgages, and took what he thought to be a valid mortgage.
The text above quoted from Sheldon, while correct as far as it goes, in our judgment does not state the rule fully, and there should be added to it, after the word ‘ ‘ incumbrances,! ’ “for value without notipe.”
In cases which we have examined, which are similar to *558 this case, where the doctrine has been found inapplicable, it has been placed on the ground of want of notice.
Franklin T. Cahill, for Amick.
William E. Jones and A. S. Ludlow, for Hughes.
* In the 65 California, at page 80, the court say: “The ■court finds that the mortgagees of the subsequent mortgages had no notice or knowledge of any equities then existiixg in favor of Catherine Motzen, who paid the sum due on the Wilcoxsen judgment.”
And in 92 Col. page 496, the court say: “ It is not claimed that Griffith & Slose had any notice of the agreement between plaintiff and Bunnel, or of the fact'that plaintiff paid off the St. Sure mortgage with money procured from Bunnel. ’ ’ These cases clearly show that if there had been notice, that the parties would have been entitled to be subrogated. To deny its application in this case, we think would be contrary to equity and good conscience.
The pleadings in this case may be amended in the furtherance of justice to correspond with our views, and. a decree be ■entered accordingly.